Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| YAMALYZ JUSTINIANO HERNÁNDEZ<br><br>Peticionaria<br><br>v.<br><br>RAMZY EMMANUEL NOUREDDINE CASTRO<br><br>Recurrido | KLCE202301330 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2021RF01654<br><br>Sobre: Alimentos-Menores de Edad, Custodia-Relaciones Paterno/Materno Filiales |

Panel integrado por su presidente, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de enero de 2024.

Comparece la parte peticionaria, señora Yamalyz Justiniano Hernández, y nos solicita la revocación de la *Resolución* emitida y notificada el 27 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En el aludido dictamen, la sala primaria declaró no ha lugar la solicitud de la señora Justiniano Hernández para acceder el *Informe social forense* remitido por la Unidad Social de Relaciones de Familia y Asuntos de Menores (Unidad Social). Además, ordenó a la peticionaria a que, en un término de quince días, informara su representación legal, quien sí tendría acceso al documento pericial.

Por los fundamentos que expondremos, anticipamos la expedición del auto de *certiorari* y la revocación del pronunciamiento judicial impugnado.

**I.**

Surge de las expresiones de la señora Justiniano Hernández que, en su petición por derecho propio, solicitó el traslado fuera de Puerto Rico

---

[1] El Hon. José I. Campos Pérez sustituyó a la Hon. Laura I. Ortiz Flores, por virtud de la Orden Administrativa TA-2023-212, emitida el 6 de diciembre de 2023.

de su hija A.I.N.J. Así las cosas, el padre de la menor, señor Ramzy E. Noureddine Castro, parte recurrida, presentó su postura y el foro de primera instancia ordenó a la Unidad Social a realizar la correspondiente investigación. Culminado el proceso, la Trabajadora Social Mariangelie Rodríguez Ríos presentó el *Informe social forense* el 24 de octubre de 2023.[2] Aun cuando la funcionaria aconsejó que A.I.N.J. continuara bajo la custodia de la peticionaria en Puerto Rico, no recomendó el traslado de la menor.

En la misma fecha, el tribunal *a quo* estableció la naturaleza confidencial del documento, so pena de sanciones y desacato, mediante una *Resolución y Orden* a esos efectos.[3] En la determinación, además, la primera instancia judicial reprodujo el itinerario recomendado por la Trabajadora Social para las relaciones paternofiliales.

En lo que compete al auto del epígrafe, el foro primario expresó:

**Tenga la parte demandante veinte (20) días para mostrar causa y fundamento <u>en derecho</u> por lo cual este Tribunal no deba acoger las recomendaciones que surgen del informe social. Se le apercibe que, de no comparecer por escrito durante dicho término, este Tribunal podrá dictar Resolución conforme a las recomendaciones del Informe Social, sin más citarle ni oírle.** (Énfasis y subrayado en el original).

Así las cosas, el 27 de octubre de 2023 la señora Justiniano Hernández instó una *Moción* por derecho propio.[4] En el manuscrito, peticionó acceso al *Informe social forense*, con el fin de dar cumplimiento a la orden antes citada y exponer su postura sobre el documento. En respuesta, el 27 de octubre de 2023 el tribunal recurrido dictó la *Resolución* que nos ocupa.[5] Declaró no ha lugar la solicitud de la señora Justiniano Hernández y le ordenó, en un término de quince días, a informar su representación legal. Añadió: "…una vez autorizada, el abogado o abogada tendrá acceso al informe íntegro". Inconforme, la peticionaria acudió

---

[2] La peticionaria omitió incluir en el Apéndice del recurso los documentos aludidos. No obstante, éstos no inciden sobre nuestra decisión, que se basa en estricto Derecho.
[3] Apéndice del recurso, págs. 19-21.
[4] Apéndice del recurso, págs. 22-23.
[5] Apéndice del recurso, pág. 24.

oportunamente ante este foro revisor mediante el recurso de *certiorari* del título y esbozó el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR A LA DEMANDANTE EL ACCESO ÍNTEGRO AL INFORME SOCIAL FORENSE HASTA TANTO COMPARECIERA CON REPRESENTACIÓN LEGAL, CONTRARIO A LO ESTABLECIDO POR EL TRIBUNAL SUPREMO EN *RENTAS NIEVES V. BETANCOURT FIGUEROA*, 201 DPR 416 (2018), EL DEBIDO PROCESO DE LEY EN LOS CASOS DE CUSTODIA Y LA POLÍTICA PÚBLICA DEL PODER JUDICIAL EN CUANTO AL ACCESO A LA JUSTICIA.

Transcurrido el término de diez días sin que el señor Noureddine Castro incoara un memorando en oposición a la expedición del auto discrecional, de conformidad con la Regla 37 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37 (A), acordamos eximir al recurrido de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. La norma provee para que este foro revisor pueda "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

## II.

### El auto de *certiorari*

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v.*

*Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró*, *supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, *supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró*, *supra*, pág. 335; *Pueblo v. Ortega Santiago*, *supra*. En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y **la disposición de la decisión recurrida**, a diferencia de sus fundamentos, **son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) **Si la expedición del auto** o de la orden de mostrar causa **evita un fracaso de la justicia**. (Énfasis nuestro).

De ordinario, este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia citada. Al expedir el auto de *certiorari* y asumir jurisdicción sobre el asunto que tenemos ante nuestra consideración al tenor de la Regla 40 de nuestro Reglamento, *supra*, cumplimos nuestra función principal de revisar las determinaciones judiciales del foro primario para asegurarnos que éstas son justas y cónsonas con las leyes, los reglamentos y la jurisprudencia interpretativa. Véase, *Negrón v. Srio. de Justicia, supra*, págs. 92-93. Por el contrario, la denegación del recurso no prejuzga los méritos de la cuestión planteada, por lo cual, el asunto puede ser reproducido en una apelación. *García v. Padró, supra*, pág. 336, que cita a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

**El debido proceso de ley y la evidencia pericial**

El ordenamiento jurídico en torno a la garantía constitucional del debido proceso de ley, en su vertiente procesal, ha establecido diversos requisitos que debe cumplir **todo procedimiento adversativo**, en el que están implicados **el interés de libertad** y el interés de propiedad de una persona;[6] a saber: "(1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) **derecho a contrainterrogar testigos y examinar evidencia presentada en su contra**; (6) tener asistencia de abogado, y (7) que la decisión se base en el récord". (Énfasis nuestro). *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993), que cita a *Mathews v. Eldridge*, 424 US 319 (1976). Del mismo modo, el Tribunal Supremo de Puerto Rico ha señalado que, en el concepto *libertad*, están incluidos "el derecho a casarse, a

---

[6] Las Enmiendas V y XIV de la Constitución de Estados Unidos, LPRA, Tomo 1, al igual que el Artículo II, Sección 7, de la Constitución Puerto Rico, LPRA, Tomo 1, garantizan que "[n]inguna persona será privada de su libertad o propiedad sin debido proceso de ley".

establecer un hogar y a criar a los hijos". *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416, 428 (2018), que cita a *Rexach v. Ramírez*, 162 DPR 130 (2004).

De otro lado, la Máxima Curia ha expresado que los trabajadores sociales de la Unidad Social de Relaciones de Familia y Asuntos de Menores son peritos al servicio de los tribunales. *Rentas Nieves v. Betancourt Figueroa*, *supra*, pág. 426, que cita a *Peña v. Peña*, 164 DPR 949 (2005). Por consiguiente, estos profesionales están compelidos por las normas de evidencia estatuidas en nuestro ordenamiento probatorio. En particular, la Regla 707 de las Reglas de Evidencia establece que "…toda persona testigo que declare en calidad de perita podrá ser contrainterrogada siempre sobre sus calificaciones como perita, el asunto objeto de su opinión pericial y los fundamentos de su opinión". 32 LPRA Ap. VI, R. 707. Por su parte, la Regla 709 (a) del mismo cuerpo legal dispone, en lo que nos atañe, que:

> **La persona nombrada como perita deberá notificar a las partes sus hallazgos**, si alguno; podrá ser depuesta por cualquier parte y podrá ser citada para testificar, por el tribunal o cualquiera de las partes. La persona nombrada perita **estará sujeta a contrainterrogatorio** por cualquiera de las partes, incluyendo la que le citó. (Énfasis nuestro). 32 LPRA Ap. VI, R. 709 (a).

Consiguientemente, "[p]ara que una parte pueda impugnar efectivamente a un perito, es necesario —en primer lugar— examinar, de una manera igualmente efectiva, el informe pericial que produjo ese perito". *Rentas Nieves v. Betancourt Figueroa*, *supra*, pág. 432. Es evidente que nuestro Alto Foro no ha excluido los informes sociales forenses del cumplimiento de notificación a las partes. *Id.*, págs. 426-427. Ello implica necesariamente que los litigantes deben tener la oportunidad de examinar la prueba pericial que le es adversa, con el fin de impugnar a los peritos que la produjeron, mediante el procedimiento de contrainterrogatorio u otra prueba pertinente y admisible.

**La Regla 62.1 de Procedimiento Civil**

En *Rentas Nieves v. Betancourt Figueroa*, *supra*, pág. 431, el Tribunal Supremo reiteró que los asuntos de familia se dirimen de manera privada y, por ende, sus expedientes son, por su naturaleza, confidenciales. La Regla 62.1 de Procedimiento Civil, *Vistas, órdenes en cámara y expedientes*, 32 LPRA Ap. V, R. 62.1, en su inciso (a), reconoce la salvedad de la celebración de las vistas en privado y dispone "la manera en que se proveerá la información de los expedientes a las personas con interés…" J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. V, pág. 1815. Afín a lo pronunciado, la Regla 62.1 de Procedimiento Civil, *supra*, a la que hemos impartido énfasis, en su parte pertinente, estatuye lo que sigue:

.     .     .     .     .     .     .     .

(b) **La información sobre los expedientes de los casos que por ley o por el tribunal, a iniciativa propia o a solicitud de parte, se disponga su confidencialidad, así como las copias de éstos, podrán ser mostradas o entregadas sólo a personas con legítimo interés**, o a otras personas mediante una orden judicial y por causa justificada. Sólo se suministrarán, previa muestra de necesidad y con el permiso expreso del tribunal, a funcionarios o funcionarias del Tribunal General de Justicia en sus gestiones oficiales y aquellas personas de acreditada reputación profesional o científica que prueben por escrito su interés en obtener información para la realización de sus labores oficiales, estudios o trabajos, y siempre bajo las condiciones que el juez o la jueza estipule.

(c) **Serán personas con legítimo interés las siguientes**:

(1) **Las partes en el pleito** y sus herederos o herederas.

.     .     .     .     .     .     .     .

La regla citada apunta, además, que "[l]as personas antes mencionadas **no tendrán que presentar una solicitud al tribunal** para que se les permita el acceso a los expedientes judiciales". (Énfasis nuestro). *Id.*

**III.**

La señora Justiniano Hernández plantea que la sala de primera instancia incidió al denegarle el acceso al *Informe social forense*. Tiene razón.

Según esbozamos, nuestro estado de Derecho probatorio intima a la persona perita a notificar a las partes sus hallazgos y conclusiones. Asimismo, el ordenamiento procesal permite que, sin mediar una solicitud previa, las partes del pleito puedan acceder a la información contenida en los expedientes confidenciales del tribunal. Por lo tanto, la privacidad de los asuntos de familia no es óbice para garantizar a las partes con legítimo interés los derechos consagrados y el debido proceso de ley, lo que indefectiblemente incluye el examen de los informes sociales preparados por la Unidad Social. Véase, *Rentas Nieves v. Betancourt Figueroa*, *supra*, págs. 431-432.

Cónsono con lo anterior, el debido proceso de ley que le asiste a la peticionaria provee para que ésta pueda examinar la evidencia presentada en su contra, como parece ser el documento pericial preparado por la Unidad Social, independientemente que ostente o no representación legal. Nótese que una persona natural, si no ha sido descalificada, puede representarse a sí misma.[7] De hecho, en este caso, surge del expediente que, al menos desde el 2022, la señora Justiniano Hernández ha comparecido por derecho propio.[8]

En fin, el presente caso versa sobre una solicitud de la peticionaria para trasladarse fuera de Puerto Rico junto a su hija menor de edad A.I.N.J.: decididamente, un interés de libertad merecedor del debido proceso de ley. Como parte integral del trámite judicial, el tribunal *a quo* ordenó una investigación a la Unidad Social, la cual produjo el correspondiente *Informe social forense* en controversia. La Trabajadora Social Rodríguez Ríos no recomendó el traslado de la menor; por lo que a la señora Justiniano Hernández le asiste el derecho a cuestionar los hallazgos consignados por la funcionaria para arribar a esa recomendación. No obstante, la *Resolución* que revisamos sujetó el acceso al *Informe social forense* a que la peticionaria contrate representación legal.

---

[7] Refiérase a la Regla 9.4 de Procedimiento Civil, *Representación por derecho propio.* 32 LPRA Ap. V, R. 9.4.

[8] Apéndice del recurso, págs. 12-13.

Tal determinación no sólo transgrede el debido proceso de ley de la señora Justiniano Hernández, sino que, sin justificar, contravino el ordenamiento probatorio sobre la persona perita; las normas procesales, en atención a la Regla 62.1 de Procedimiento Civil, *supra*; y la jurisprudencia, en particular, el normativo *Rentas Nieves v. Betancourt Figueroa*, *supra*.

Es forzoso colegir que el foro judicial recurrido erró al denegar la petición de la señora Justiniano Hernández a acceder el *Informe social forense* para que ésta pueda examinarlo y exponer su postura sobre su contenido, tal como le fue ordenado. Condicionar el examen a la tenencia de representación legal, sin exponer los fundamentos en la *Resolución* impugnada, es un proceder ajeno al debido proceso de la peticionaria y al ordenamiento jurídico vigente. En todo caso, a la señora Justiniano Hernández le asiste el derecho a la notificación del documento pericial; como parte con interés legítimo, tiene legitimación para acceder al *Informe social forense* sin que medie una solicitud previa o asistencia de abogado; y, en la vista en sus méritos, puede contrainterrogar a la perita sobre sus calificaciones y fundamentos, así como impugnar sus conclusiones. Consecuentemente, en el ejercicio de nuestra discreción, procede la expedición del auto de *certiorari* y la revocación del dictamen recurrido.

Por último, somos del criterio que cualquier reserva que la primera instancia judicial pudiera tener con relación a la confidencialidad del documento o parte de este fue salvaguardada mediante su *Resolución y Orden* de 24 de octubre de 2023. Ahora bien, de entenderlo necesario, nada impide que el foro de primera instancia adopte las medidas cautelares necesarias para proteger la confidencialidad del *Informe social forense* o aquellas partes que considere que contienen información que deba ser protegida y expresar sus fundamentos para ello. Citamos a nuestro Tribunal Supremo sobre este extremo: "…[E]l derecho de una parte con interés a recibir copia de los informes sociales en nada limita la facultad de los jueces y las juezas de los foros de instancia para, en el sano ejercicio de su discreción judicial, tomar las medidas que entiendan necesarias para, a la

luz de las circunstancias particulares de cada caso, imponer restricciones al uso y a la notificación de tales informes". *Rentas Nieves v. Betancourt Figueroa*, *supra*, pág. 434. Sin embargo, insistimos que el tribunal no debe interferir con el derecho de la peticionaria, como parte con legítimo interés del caso, a acceder el documento pericial; pues al no permitirlo la coloca en un estado de indefensión.

**IV.**

Por los fundamentos expuestos, expedimos el recurso de *certiorari* y revocamos la *Resolución* recurrida. En consecuencia, devolvemos el caso ante la consideración del Tribunal de Primera Instancia, para que proceda al tenor de lo aquí resuelto.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones